SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975
Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Agee-Acosta,<br><br>Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston; Acosta, Inc. Long Term Disability Benefit Plan,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Tamara Agee-Acosta ("Tammy") alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Tammy is a resident of Maricopa County, Arizona.

2. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Indiana with its corporate headquarters in Hartford, Connecticut. Lincoln is authorized to do business in Maricopa County, Arizona.

3. Lincoln Life Assurance Company of Boston acquired Liberty Life Assurance Company of Boston ("Liberty") on May 1, 2018.

4. Lincoln Life Assurance Company of Boston no longer exists and has been merged into The Lincoln National Life Insurance Company.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

5. Defendant Acosta, Inc. Long Term Disability Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by Acosta, Inc. ("Acosta") for the benefit of its employees. It provides long-term disability benefits ("LTD").

6. This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and Acosta have caused events to occur in Arizona, out of which Tammy's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

9. Acosta provided certain employees with LTD benefits under the Plan.

10. Beginning on January 1, 2013, Lincoln provided LTD benefits to Acosta employees through an insurance policy, No. GF3-850-290958-01 ("Policy"). The Policy renews annually on January 1.

11. Acosta is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

12. Lincoln is the Claim Administrator and is also a Plan Fiduciary.

13. The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

14. Lincoln determines who receives benefits and pays those benefits.

15. After 24 months of payments, an employee is disabled when Lincoln determines she cannot perform, with reasonable continuity, the material and substantial duties of any occupation she is or becomes reasonably fitted by training, education, experience, age, and physical and mental capacity.

16. The Policy contains discretionary language indicating that Lincoln grants itself discretion. But Lincoln is not entitled to discretion because it did not make a timely decision on her final denial.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

17. Tammy incorporates and realleges all previous allegations.

18. At all relevant times, Acosta employed Tammy; she became a covered individual under the Plan and the Policy and remained continuously employed until her disability rendered her unable to work in her regular occupation as a Manager, Retail Account on August 12, 2021.

19. Tammy claimed disability for lumbar degenerative disc disease, lumbar radiculopathy, chronic bilateral low back pain, and bilateral carpal tunnel syndrome.

20. Tammy timely submitted a claim for short-term disability benefits.

21. Lincoln paid for all the short-term disability benefits through February 9, 2022

22. Tammy timely applied for long-term ("LTD") disability benefits.

23. Lincoln approved Tammy's LTD benefits on January 13, 2022, and began paying them on February 10, 2022.

24. Lincoln paid Tammy's own occupation benefits until February 9, 2023.

25. Lincoln denied Tammy's claim on April 14, 2023.

26. Lincoln concluded that Tammy could perform her own occupation.

27. Lincoln, however, improperly characterized Tammy's occupation as sedentary.

28. Tammy timely submitted her appeal on February 5, 2024.

29. Lincoln acknowledged Tammy's appeal on February 6, 2024.

30. On March 11, 2024, Lincoln agreed that Tammy remained disabled for the entire 2-year own occupation period and paid an additional 12 months of benefits.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

31. In the same letter, Lincoln advised Tammy that new information was identified in a Peer Review Report through Network Medical Review Co. ("NMR") and a Transferable Skills Analysis.

32. On April 17, 2024, Tammy submitted a timely response to Lincoln.

33. On April 19, 2024, Lincoln acknowledged the additional information.

34. As of the date of this Complaint, Lincoln has not responded to Tammy's appeal or the additional information submitted.

35. Due to Lincoln's lack of response, Tammy's claim is deemed exhausted.

36. Tammy remains unable to perform the material duties of her occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Driving for 2 to 2 ½ hours daily;
- Lifting and carrying up to 50 pounds or pushing and pulling up to 55 pounds;
- Regularly push, pull, bend, stand, or sit for prolonged periods due to severe chronic back pain;
- Consistently concentrate on and perform work activities due to constant pain.

37. Tammy cannot perform, with reasonable continuity, the material and substantial duties of any occupation she is or becomes reasonably fit for by training, education, experience, age, and physical and mental capacity.

38. Tammy provided proof of her debilitating medical conditions. In addition, Tammy provided Lincoln with numerous completed attending physician statements and extensive medical records that support her disability, dating back to September 2020. Tammy became disabled on August 12, 2021, and remains unable to perform the material and substantial duties of her regular or any occupation.

39. Under 29 C.F.R. 2560-503-1(l)(1), Tammy's appeal is deemed exhausted, and she is entitled to bring suit against Defendants.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

40. Even if Lincoln's decisions were entitled to deference, its decisions were arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

41. Lincoln's Evidence of Lincoln's conflict includes, but is not limited to:

a) Concluding that Tammy was able to return to her occupation despite her ongoing symptoms associated with her back conditions, including chronic pain.

b) Relying on the opinions of non-treating providers who disregarded and downplayed Tammy's complaints.

c) Relying on the opinions of non-treating physicians who have not examined Tammy.

d) Relying on a vocational analysis that relied only on the opinion of a non-treating physician who neither considered the limitations placed on Tammy by her treating physicians nor the chronic pain associated with Tammy's back conditions.

e) Misconstruing and oversimplifying the demands of Tammy's occupation, including incorrectly categorizing it as sedentary work rather than medium work.

f) Concluding Tammy was able to work a 40-hour work week, given her chronic back conditions, without considering whether she can perform any occupation reliably and consistently due to chronic pain and the high number of triggers that exacerbate her pain.

g) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

42. Tammy is entitled to 60% of her Basic Monthly Earnings, $2,754.00, from August 12, 2021, until she reaches her Social Security Normal Retirement Age of 67.

43. The Policy requires Tammy to apply for and pursue Social Security Disability Benefits ("SSDI"). Lincoln advised Tammy of her obligation to do so. Tammy applied for SSDI benefits on February 11, 2022

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

44. On April 19, 2024, ALJ Gruenburg approved Tammy's claim for SSDI benefits.

45. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity," which is the inability to perform significant physical or mental activities" and the inability to earn $1,500 (as of 1/1/2024) per month.

46. Under the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Tammy is entitled to recover all benefits due under the terms of the Plan and to enforce her rights under the terms of the Plan.

47. Tammy is entitled to recover her attorneys' fees and costs incurred herein from the Plan and Lincoln under 29 U.S.C. § 1132(g).

48. Tammy is entitled to prejudgment interest at the highest legal rate on the benefits she is entitled to according to A.R.S. § 20-462.

WHEREFORE, Tammy prays for entry of judgment against Defendants as follows:

A. For all past benefits due Tammy under the terms of the Plan;

B. For an award of Tammy's attorneys' fees and costs incurred;

C. For an award of prejudgment interest on Tammy's benefits and damages at the highest legal rate until paid and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 16th of August 2024.

SCHIFFMAN LAW OFFICE, P.C.

By: /s/ Lisa J. Counters
Lisa J. Counters